[No. 31821-7-I. Division One. December 20, 1993.]

KEVIN RAVSTEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Petitioner.*

*Christine O. Gregoire, Attorney General,* and *Jeffrey E. Boyer, Assistant,* for petitioner.

*Robert M. Keefe* and *Keefe-Moote,* for respondent.

BAKER, J. — The Department of Labor and Industries (Department) appeals a superior court ruling which reversed the Board of Industrial Insurance Appeals (Board). We reverse the Superior Court and reinstate the Board's order.

## FACTS

Kevin Ravsten sustained an industrial injury in 1977. The Department began paying benefits and compensation. He was subsequently classified as totally disabled and placed on the pension rolls. Ravsten brought a third party action and entered into a structured settlement of $1,370,000 in 1981. His attorney wanted his fee paid up front, rather than over the course of the settlement. To accommodate this, the Department calculated its reimbursement share based upon the present cash value of the settlement ($1,100,113.05) and Ravsten's total entitlement to benefits paid or payable from the industrial insurance funds. The Department estimated Ravsten's total benefits as $298,904.11 and issued an order declaring that the funds owed 27.17 percent ($298,904.11 divided by $1,100,113.05) of the fees and costs. In estimating the total industrial insurance benefits to be paid, the Department did not include future benefits which would not have to be paid due to its ability to offset Federal Social Security disability benefits under RCW 51.32.220 or future benefits for attendant care. Based upon Ravsten's one-third contingent attorney fee agreement, the Department determined that the present value of the attorney fees and costs was $376,179.59.

Ravsten appealed and the Board held that the future Social Security offset and potential future attendant care benefits were properly excluded from the estimate of benefits payable. It confirmed that if Ravsten's attorney were to be paid immediately, the present cash value of the settlement would have to be used in calculating the attorney fees. However, it ordered the funds' proportionate share of fees and costs increased to 38.37 percent, which was the appropriate percentage when supplemental pension fund payments were included in the estimate of total benefits.

Ravsten again appealed and the Superior Court reversed, increasing the attorney fees and costs to $456,666 and the Department's proportionate share to 100 percent. The Department appealed. In *Ravsten v. Department of Labor & Indus.*,

108 Wn.2d 143, 147, 736 P.2d 265 (1987), the Supreme Court confirmed that the guaranteed total recovery was $1,370,000 with a present value of $1,100,113.05. Benefits of $117,238.85 had been paid, and $9,475 in litigation costs had been incurred. *Ravsten*, 108 Wn.2d at 156. The parties disagreed on the amount of future benefits and whether the Department's proportionate share of attorney fees and costs was to be based on the total recovery or its present value.

The court held that

> in order to determine the Department's proportionate share of attorney's fees and costs the computation of benefits payable must include the reduction of benefits payable by the social security benefits received and to be received by the claimant.

*Ravsten*, 108 Wn.2d at 159 (citing RCW 51.32.220). The court concluded that attendant care may be needed, and remanded to the Board for the taking of additional testimony from the attending doctor as to the need for attendant care. *Ravsten*, 108 Wn.2d at 160. The court also held that $366,704.35 was the proper amount of attorney fees to be used in determining the Department's proportionate share. *Ravsten*, 108 Wn.2d at 157-58.

On remand the Department calculated the benefits paid, and the probable costs of Ravsten's attendant care and pension benefits, and determined the present value of all benefits was $1,697,890.92. It concluded that the industrial insurance funds should pay 100 percent of the attorney fees and costs. The Department had paid Ravsten $348,902.20, which left a balance of $27,277.39. However, the Department was owed $117,238.85 in reimbursement for benefits already paid. Accordingly, the Department issued a new order on August 8, 1988, declaring that it had overpaid its proportionate share of the attorney fees and litigation costs by $89,961.46 ($117,238.85 less $27,277.39) and that this amount was to be reimbursed to the Department with interest.

Ravsten appealed this order to the Board. The Department moved in limine to exclude evidence other than that

concerned with attendant care entitlement. The industrial appeals judge granted the Department's motion, and the Board denied Ravsten's request for interlocutory review, rejecting Ravsten's request that the amount of the attorney fees be recalculated. The Board held that the cost of the attendant care benefits was now moot because the Department had determined the industrial insurance fund would pay 100 percent of the attorney fees and costs. A unanimous Board affirmed the August 8, 1988, order and remanded to the Department for a new order, identical to the old, but omitting the Department's claim for interest.

Ravsten appealed to the superior court. He argued that the *amount* of the attorney fees in the third party action was not in dispute, but what was in dispute was whether the Department could be required to pay *more* than 100 percent of that fee. Ravsten requested a remand to the Department for the taking of evidence regarding the amount of future attendant care benefits, or in the alternative, an order requiring the Department to pay 165 percent of the attorney fees incurred in the third party action. The Department unsuccessfully argued that it cannot be required to pay more than 100 percent of the fees and costs incurred by the worker in the third party action. The Superior Court remanded to the Board with instructions to set aside its order granting the Department's motion in limine so that Ravsten could make a full evidentiary record.

The Department claims that the Superior Court's order prevented entry of a final judgment, and is therefore reviewable as a matter of right. RAP 2.2(a)(3). Ravsten asserts that this case is not reviewable by direct appeal, but should be termed a petition for discretionary review, pursuant to RAP 2.1(a)(2). He argues that review should be denied because the Department does not allege any grounds entitling it to review under RAP 2.2 and denial preserves the Department's rights under RAP 2.3(c).

RAP 2.2(a)(3) provides that "[a]ny written decision affecting a substantial right in a civil case which in effect deter-

mines the action and prevents final judgment or discontinues the action" is reviewable as a matter of right. The court's order did prevent entry of a final judgment; however, that does not necessarily make the decision appealable. The decision must also affect a substantial right and in effect determine the action.

▪ Here, the court's decision did not affect a substantial right or determine the action because it did not decide the issue; rather the case was remanded to allow a decision after Ravsten was allowed to make a full evidentiary record. However, we accept discretionary review under RAP 2.3(b)(2) because the order substantially limits the Department's freedom to act and to determine its proportionate share of attorney fees and costs in other third party recovery cases until the issue is decided. In addition, remand would be a waste of scarce judicial resources since the matter will likely be appealed after a new Board decision.

The Department claims the trial court's remand was an obvious error which renders further proceedings useless. It argues that all relevant factual matters have either been stipulated to or determined by the Washington Supreme Court. Ravsten claims that the Board's decision on the Department's motion in limine precluded him from introducing evidence and ignored the *Ravsten* decision's mandates by precluding a full evidentiary hearing in accord with that decision. He cites the Board's exclusion of evidence on (1) the amount of his third party recovery, specifically the "gross" recovery and its present value, (2) the amount of attorney fees for purposes of determining the Department's proportionate share, and (3) any factual matter other than the present and future cost of attendant care.[1]

---

[1] Ravsten argues that exclusion of this evidence prevented the Superior Court from addressing a number of issues: (1) the effect of a deficiency judgment, (2) cost of attendant care, (3) monthly payments from July 28, 1978, as not being compensation pursuant to former RCW 51.32.070, (4) entitlement (future life expectancy), and (5) attorneys fees. However, he does not provide argument or authority. These issues are irrelevant or have already been decided by the Supreme Court.

The statute in effect at the time of Ravsten's injury provided:

> In any action brought under this section wherein recovery is made by compromise and settlement or otherwise, the department or self-insurer, to the extent of the benefits paid or payable under this title, shall bear its proportionate share of attorney's fees and costs incurred by the injured workman or surviving spouse, children, or dependents, as the case may be, and the court shall approve the amount of attorney's fees.

Former RCW 51.24.010.[2]

The benefits already paid by the Department were not in dispute when the case was reviewed by the Supreme Court. The *Ravsten* court stated the issues as follows: (1) Were Ravsten's future benefits to be reduced by Social Security benefits? (2) What evidence is required to establish entitlement to attendant care services? (3) When the claimant has entered into a structured settlement which is to be paid in installments over a guaranteed period rather than in a lump sum, is the Department's share of the attorney's contingent fee to be computed (a) upon the total moneys to be paid the claimant, or (b) upon the present value of such total award? *Ravsten*, 108 Wn.2d at 146-47. The court resolved the first and third issues and remanded for establishment of Ravsten's entitlement to attendant care so the Department's proportionate share of the fees and costs could be calculated. *Ravsten*, 108 Wn.2d at 155-56.

 On remand the Board noted that the amount of attorney fees had been previously determined by the Board and affirmed by the Supreme Court. *Ravsten*, 108 Wn.2d at 157-59. It concluded:

> The cost, past and/or future, of attendant care in this claim has no bearing upon the amount of attorney's fees and costs incurred by Mr. Ravsten in his third party action. Rather, the cost of attendant care could have bearing only upon the *Department's* proportionate *share* of Mr. Ravsten's third party action

---

[2]Former RCW 51.24.010 applies to this case because the claimant was injured in February 1977. On May 26, 1977, the statute was repealed and replaced with RCW 51.24.030 *et seq*. RCW 51.24.030 and .060 of the current statute are virtually identical in substance to former RCW 51.24.010.

attorney's fees and costs, as well-reflected in the *Ravsten* decision[.]

Thus, when the Department decided it was obligated to pay 100 percent of the attorney fees and costs, placed that requirement in its order, and paid those fees and costs, future attendant care benefits became moot. There was no longer any purpose to hear evidence on those costs, and the taking of additional evidence was not required. Remand for the taking of additional evidence is inappropriate where it would be an idle gesture. *See State v. Dunivin*, 65 Wn. App. 501, 506, 828 P.2d 1150, *review denied*, 120 Wn.2d 1002 (1992).

The *Ravsten* court noted that "[t]he State has to bear its proportionate share of attorney's fees to the extent of the benefits recovered which would have been otherwise payable under RCW Title 51 and are to be repaid to the State". *Ravsten*, 108 Wn.2d at 151. While "[a]n attorney is entitled to fees based upon benefits secured by the claimant which result from the attorney's efforts, . . . an attorney is not entitled to fees based upon benefits which would have been paid to the claimant in any event." *Ravsten*, 108 Wn.2d at 160.

Ravsten's receipt of attendant care benefits was not in any way dependent upon his attorney's appeal of the Department and Board decisions. The issue in those appeals concerned the Department's obligation for attorney fees, not Ravsten's entitlement to benefits. Thus, even if the Department could be required to bear a proportionate share of the third party attorney fees and costs based on workers' compensation benefits "won" before the Board, here, no workers' compensation benefits were "won". Ravsten appealed a Department order declaring the distribution of a third party recovery. No order has directly affected future care or benefits. Future benefits were only at issue because under former RCW 51.24.010 the Department calculates its share of the third party recovery attorney fees based on benefits both paid and probably to be paid. What Ravsten's attorney "won" was an increase in the estimate of future benefits for the sole purpose of calculating

the Department's proportionate share of fees and costs. The Department increased that estimate, determined that it owed 100 percent of the third party attorney fees and costs, and paid those fees and costs.

The purpose of former RCW 51.24.010 is plainly stated as giving a right of action to the injured party against third parties and establishing the Department's intervention and subrogation rights. Former RCW 51.24.010. The statute does not grant any benefits to the claimant other than establishing the Department's obligation to pay its proportionate share of the attorney fees *that the injured party had incurred* in the action against the third party. Thus, under this statute an injured worker cannot incur, an attorney cannot recover, and the Department is not required to pay, more than 100 percent of the attorney fees and litigation costs incurred in a third party action.

The decision of the Superior Court is reversed. We affirm the Board's decision.

GROSSE and AGID, JJ., concur.

Review denied at 123 Wn.2d 1030 (1994).